**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

AYING YE,

Plaintiff,

-against-

ESTATE OF XIAO ZHONG LI, XIA NAN LI, TAT H. AUYEUNG,

Defendants.

**REPORT AND RECOMMENDATION**
**19-CV-4564-ENV-ST**

**TISCIONE, United States Magistrate Judge:**

Aying Ye ("Plaintiff") commenced this action against the Estate of Xiao Zhong Li, Xia Nan Li, and Tat H. Auyeung ("Defendants") on August 7, 2019, alleging violations of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq*., and New York Labor Law ("NYLL"). *See* Complaint ("Compl."), ECF No. 1.

A trial was held on August 12, 2025. *See* August 15, 2025 Minute Entry. The jury returned a special verdict in Plaintiff's favor. *See* Jury Verdict, ECF No. 73.

Plaintiff now moves for judgment under Rule 58(b)(2)(A) and attorney fees under Rule 54(d). *See* Motion for Entry of Judgment, ECF No. 74.[1] The motion was referred to this Court for a Report and Recommendation. *See* Order dated March 3, 2026. For the foregoing reasons, the motion should be granted in part.

[1] In doing so, Plaintiff dedicates six and a half pages justifying their attorney fee requests, and a mere paragraph to assist this Court in determining the appropriate judgment. *See* Memorandum of Law, ECF No. 77.

## DISCUSSION

Plaintiff alleged Defendants failed to pay minimum wage, overtime, spread-of-hours, and failed to provide adequate wage notice. *See generally* Compl. Following a trial, the jury returned a special verdict in Plaintiff's favor finding the following.

Plaintiff was employed by Xia Nan Li. Jury Verdict ¶ 1. Plaintiff worked 80.5 hours per work from June 8 – September 12, 2017, and 91 hours per week from September 13, 2017 – June 27, 2018. *Id.* ¶ 2. This resulted in 40.5 overtime hours per week from June 8 – September 12, 2017, and 51 overtime hours per week from September 13, 2017 – June 27, 2018. *Id.* ¶¶ 8-11. Plaintiff, however, was not paid an overtime rate. *Id.* ¶ 10.

The jury also found Plaintiff was paid $500 per week, at a rate of $12.50 per hour. *Id.* ¶¶ 4-5. The jury concluded, however, Plaintiff was not paid minimum wage. *Id.* ¶¶ 6-7. Additionally, Plaintiff worked more than ten hours per day but was not compensated spread-of-hours pay. *Id.* ¶¶ 12-14. Plaintiff was also not given adequate wage notice. *Id.* ¶¶ 15-19. Finally, the jury found the above NYLL violations were not committed in good faith. *Id.* ¶¶ 20-24.

### I. Entry of Judgment

Rule 58(b)(2) provides "the court must promptly approve the form of the judgment, which the clerk must promptly enter, when the jury returns a special verdict." Fed. R. Civ. P. 58 (cleaned up). Where, like here, the jury uses a special verdict, "the jury's answers thereto must be consistent with each other, since they form the basis for resolving the case." *Brooks v. Brattleboro Mem'l Hosp.*, 958 F.2d 525, 529 (2d Cir. 1992) (citations omitted). But a closer look at the jury verdict reveals several inconsistencies that are addressed in further detail below.[2]

[2] Nevertheless, Defendants are foreclosed from objecting to the jury's findings. "It is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury." *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006).

a. Unpaid Wages and Liquidated Damages

The first inconsistency is Plaintiff's hourly pay. The jury found Plaintiff was paid less than minimum wage. Jury Verdict ¶ 6. The jury also found Plaintiff was paid $12.50 per hour by dividing her $500 weekly salary by 40 hours per week. *Id.* ¶¶ 4-5. But the pertinent minimum wage in New York was $10.50 through December 31, 2017, and $12 through December 31, 2018. NYLL § 652(1)(a)(ii). Evidently, Plaintiff was paid more than minimum wage. Additionally, Plaintiff worked more than 40 hours per week: 80.5 hours per week from June 8 – September 12, 2017, and 91 hours per week from September 13, 2017 – June 27, 2018. As such, the jury did not consider Plaintiff's overtime when calculating her hourly pay.

Implicitly, the jury found Plaintiff was not paid for any work exceeding 40 hours per week. Indeed, where the jury calculates an employee's hourly rate by dividing weekly salary by 40 hours, "the assumption embedded . . . is that, unless evidence suggests otherwise, none of the paid wages are to be credited to overtime." *Yunganaula v. Garcia*, 2021 WL 5993622, at *9 (E.D.N.Y. Aug. 11, 2021).[3] Thus, Plaintiff is entitled to unpaid overtime.

"The NYLL largely adopts the same standard as the FLSA with respect to overtime compensation, *i.e.,* a covered employee must be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 43 (E.D.N.Y. 2015) (citation and quotation marks omitted); *see also* N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. That is to say, under both the FLSA and NYLL Plaintiff is entitled to time and half—$18.75—for hours exceeding 40 hours per week.

---

[3] Nor does Plaintiff request minimum wage shortfall damages. Instead, Plaintiff asserts "the award for such underpayment of minimum wages is subsumed entirely by the overtime award." Schweitzer Declaration ¶ 10, ECF No. 76.

***June 8, 2017 – September 12, 2017***

Plaintiff worked 40.5 overtime hours per week from June 8, 2017, to September 12, 2017. Jury Verdict ¶ 2. This period is 13.86 weeks. Accordingly, Plaintiff is entitled to $18.75 per hour for 40.5 hours per week for 13.86 weeks. This results in $10,524.94 in unpaid overtime.

***September 13, 2017 – June 27, 2018***

Plaintiff worked 51 overtime hours per week from September 13, 2017, to June 27, 2018. Jury Verdict ¶ 2. This period is 41 weeks. Accordingly, Plaintiff is entitled to $18.75 per hour for 51 hours per week for 41 weeks. This results in $39,206.25 in unpaid overtime.

***Liquidated Damages***

Plaintiff also seeks liquidated damages for unpaid wages. The NYLL provides an employer shall be liable for liquidated damages equal to one hundred percent of unpaid wages "unless the employer provides a good faith basis for believing he or she was in compliance with the law." *Martinez v. Alimentos Saludables Corp.*, 2017 WL 5033650, at *23 (E.D.N.Y. Sept. 22, 2017); *see also* NYLL §§ 198(1–a), 663(1).

The jury found Defendants lacked a good faith basis for the above NYLL violations. Jury Verdict. ¶¶ 20-24. Accordingly, Plaintiff is entitled to $49,732.19 in liquidated damages for unpaid overtime wages.

b. <u>Spread-of-Hours</u>

As to the second inconsistency, the jury found Plaintiff is entitled to spread-of-hours pay. Jury Verdict ¶¶ 12-14. But spread-of-hours pay is reserved for minimum wage employees. 12 NYCRR § 142-2.4. To be sure, "employees who make minimum wage or less are entitled to an additional hour of pay, at the prevailing minimum wage, for every day they work more than 10 hours." *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 371 (E.D.N.Y. 2022). But "[a]

limitation upon a plaintiff's eligibility to recover for spread-of-hours is that the plaintiff not earn more than the minimum wage." *Fermin*, 93 F. Supp. 3d at 45; *see also Almeida v. Aguinaga*, 500 F. Supp. 2d 366, 370 (S.D.N.Y. 2007) ("[T]he spread-of-hours provision is properly limited to enhancing the compensation of those receiving only the minimum required by law."). Nevertheless, Plaintiff requests $4,311 for unpaid spread-of-hours. The request should be denied.

c. Wage Notice

Section 195(1) of the NYLL requires employers to provide employees with a wage notice at the time of hiring. Likewise, Section 195(3) of the NYLL requires employers to provide employees with supplemental wage statements with each payment. *See Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 412 (E.D.N.Y. 2017).

Here, the jury found Defendants failed to provide Plaintiff adequate wage notice at the time of hiring and failed to provide sufficient wage statements for 55 weeks. Jury Verdict ¶¶ 15-19. Section 195(1) allows an award of $50 per day of violation and a statutory maximum of $5,000. NYLL § 198(1-b), (1-d). Section 195(3) allows for an award of $250 per day of violation but similarly provides a $5,000 statutory maximum penalty.

Plaintiff was employed for over a year and exceeds the statutory maximums set forth in both subdivisions of the NYLL. Accordingly, Plaintiff is entitled to $10,000 for wage notice violations. *See Rueda v. A & G Iron Works Corp*, 2026 WL 183692, at *14 (E.D.N.Y. Jan. 23, 2026) (awarding the plaintiff $10,000, consisting of $5,000 for missing wage notice and $5,000 for missing wage statements).

d. Pre- and post-judgment interest

Plaintiff is also entitled to prejudgment interest at 9% per annum. *See* N.Y. C.P.L.R. § 5004. As the Second Circuit has made clear, "[p]re-judgment interest and liquidated damages under the

[NYLL] are not functional equivalents." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). Aggrieved employees may receive both.

Generally, interest begins to accrue "from the earliest ascertainable date the cause of action existed[.]" N.Y. C.P.L.R. § 5001 (b). Where, like here, "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Id.* Courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994). Here, a reasonable date to accrue interest is the midpoint of Plaintiff's employment—December 2017.

Plaintiff is also entitled to post-judgment interest consistent with 28 U.S.C. § 1961.

**II. Attorney Fees**

Rule 54(b) authorizes the prevailing party to move for attorney fees following the entry of judgment. *See* Fed. R. Civ. P. 54(b). The NYLL analogously permits the same. *See* NYLL § 198 1-a. Here, Plaintiff seeks $42,916.33 in attorney fees and $3,426.25 in costs. *See* Fees Invoice, ECF No. 76-12.

Determining an appropriate award of attorney fees requires the court to calculate the lodestar figure. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2007). Calculating the lodestar figure requires multiplying the number of hours reasonably worked by the appropriate hourly rate for each attorney. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Indeed, "product of a reasonable hourly rate and the reasonable number of hours required by the case[,] creates a 'presumptively reasonable fee.'" *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill*, 522 F.3d at 183). In making such determination, the court may consider

"the difficulty of the questions involved, the skill required to handle the problem, the time and labor required, the lawyer's experience, ability and reputation, the customary fee charged by the Bar for similar services, and the amount involved." *Cardwell v. Davis Polk & Wardwell LLP*, 2021 WL 2650371, at *3 (S.D.N.Y. June 28, 2021) (citation omitted) (cleaned up).

a. <u>Hourly Rate</u>

"A treatise worth of case law has emerged about the rates and hours that Troy Law has requested. And courts have balked at the sort of rates requested in this case." *Garcia v. Francis Gen. Constr. Inc.*, 2022 WL 2698434, at *7 (S.D.N.Y. July 12, 2022). Indeed, "[m]uch has been written in this district about the inflated rates charged by John Troy and others at his firm." *Shi v. TL & CG Inc.*, 2023 WL 5827598, at *5 (S.D.N.Y. Sept. 8, 2023).

Plaintiff requests $650 per hour for John Troy and $300 per hour for "less than partner-level work"; $400 per hour for Aaron Schweitzer and $200 per hour for his travel; $250 per hour for Tiffany Troy and $150 per hour for her clerical work; $250 per hour for Leanghour Lim and $150 per hour for her clerical work; and $200 per hour for Preethi Kilaru. *See* Declaration of Aaron Schweitzer, ECF No. 76. These rates are consistent with the rates adopted in *Rubin v. HSBC Bank USA, NA*—"$450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals." 763 F. Supp. 3d 233, 241 (E.D.N.Y. 2025). While certainly reasonable for complex business cases, these rates are on the high end of wage disputes.

In *Shen v. ZenTao Inc.*, Troy Law made an identical request. 2025 WL 746478 (E.D.N.Y. Feb. 18, 2025). There, this Court held such rates "far exceed the reasonable rate for attorney's fee awards in this district's wage and hour cases." *Id.* at *4. The holding was because, like here, "Counsel ha[d] not demonstrated this matter is anything more than a straightforward FLSA case."

*Id.* The *Shen* Court went on to cite a series of Southern and Eastern District cases where Troy Law's requested hourly rates had been reduced. *Id.* at *4.

Likewise, in *In re Wang Litig.*, Troy Law again requested the rates established in *Rubin*. 2026 WL 746922 (E.D.N.Y. Mar. 17, 2026). This Court opted to award rates the set forth in *Shen*, recognizing both the nature of wage disputes, as well as Troy Law's history of requesting high rates. *Id.* at *4. *See also Lin, v. Rising Sun Rest., Inc.*, 2026 WL 797338 (E.D.N.Y. Mar. 23, 2026) (Reducing Troy Law's hourly request and not adopting rates in *Rubin*); *Muhammad Rehman v. Flatbushchicken LLC, et al.,* 2025 WL 4664754, at *16 (E.D.N.Y. Dec. 1, 2025) (holding FLSA/NYLL cases award lower rates than *Rubin*).[4]

We find the hourly rates set forth in *Shen* and *Wang* more appropriate here.

John Troy is the sole partner of Troy Law. Schweitzer Decl. ¶ 29. He graduated law school in 1985 and has been admitted to practice in New York since 1989. *Id.* ¶¶ 30-31. He demonstrates significant experience on FLSA and NYLL wage cases in New York state and federal courts. *See* ECF Nos. 76-3, 4, & 5. Consistent with courts of this Circuit, we find $400 per hour to be an appropriate rate for Mr. Troy. Mr. Troy's request of $300 per hour for non-partner level work is appropriate.

Aaron Schweitzer is an associate at Troy Law. He graduated from Fordham Law in 2016 and has been admitted to practice since 2017. *Id.* ¶ 44-45. Mr. Schweitzer too has worked on a significant number of wage cases. *See* ECF Nos. 76-6, 7, & 8. This Court finds $350 per hour for Aarron Schweitzer appropriate. Mr. Schweitzer will be awarded $100 per hour for travel.

---

[4] For clarity, we recognize the rates in *Rubin* are appropriate and consistent with inflation but are still excessive for FLSA and NYLL wage disputes.

Leanghour Lim was an associate at Troy Law. *Id.* ¶ 69. She graduated from law school in 2018 and has been licensed to practice since 2019. *Id.* She has worked on over fifty wage cases. *Id*. ¶¶ 71-72. Ms. Lim will be awarded $200 per hour.

Tiffany Troy is an associate at Troy Law. She has been admitted to practice since 2021 and has worked on many wage cases, although less than her colleagues. *Id.* ¶¶ 56-65. Ms. Troy will be awarded $150 for legal work and $100 per hour for clerical work.

Preethi Kilaru is the managing clerk of Troy Law. *Id.* ¶ 75. Ms. Kilaru will be awarded $100 per hour for her work, consistent with rates in the Eastern District. *See In re Wang Litig.*, 2026 WL 746922 (awarding $100 per hour for Ms. Kilaru).

b. Hours Worked

Next, we must determine whether the hours requested are reasonable. Attorney fees requests "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Child. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "[I]n the Second Circuit, motions for attorney's fees must be based on contemporaneous time records specifying relevant dates, time spent and work done." *Broad. Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996) (emphasis added).

Here, Plaintiff has provided detailed contemporaneous time records for all hours requested. *See* Fees Invoice. The hours requested are reasonable. Below are charts demonstrating this Court's findings.

| **John Troy Partner Level Work** | | |
|---|---|---|
| Rate | Hours | **TOTAL** |
| $400 | 4.62 | **$1,848** |
| **John Troy Non-Partner Level Work** | | |

| | | |
|---|---|---|
| $300 | 18.96 | **$5,688** |
| **Aaron Schweitzer Legal Work** | | |
| Rate | Hours | **TOTAL** |
| $350 | 48.01 | **$1,6803.50** |
| **Aaron Schweitzer Travel** | | |
| Rate | Hours | **TOTAL** |
| $100 | 13 | **$1,300** |
| **Tiffany Troy Legal Work** | | |
| Rate | Hours | **TOTAL** |
| $150 | 21.21 | **$3,181.50** |
| **Tiffany Troy Clerical Work** | | |
| Rate | Hours | **TOTAL** |
| $100 | 4.79 | **$479** |
| **Leanghour Lim Legal Work** | | |
| **Rate** | **Hours** | **TOTAL** |
| $200 | 2.07 | **$414** |
| **Preethi Kilaru Clerical Work** | | |
| **Rate** | **Hours** | **TOTAL** |
| $100 | 4.67 | **$467** |
| **TOTAL AWARD** | | **$30,181** |

Accordingly, Plaintiff is entitled to $30,181 in attorney fees. Plaintiff is also entitled to $3,426.25 in costs.

## CONCLUSION

This Court respectfully recommends the District Court GRANT Plaintiff's motion for the entry of judgment and attorney fees.

Plaintiff is entitled to judgment in the following amount:

- $49,732.19 in unpaid overtime;
- $49,732.19 in liquidated damages;
- $10,000 for wage notice violations;
- Pre-judgment interest at 9% per annum from December 2017 to the date judgment is entered;
- Post judgment interest consistent with 28 U.S.C. § 1961.

Plaintiff is also entitled to $30,181 in attorney fees, and $3,426.25 in costs.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
August 4, 2026